UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ESTERLITA CORTES TAPANG,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A., successor by merger to Wells Fargo Bank Minnesota, N.A., as Trustee f/k/a Northwest Bank Minnesota, N.A., as Trustee for the registered holders of Structured Asset Securities Corporation, Amortizing Residential Collateral Trust, Mortgage Pass-Through Certificates, Series 2002-BC9; STRUCTURED ASSET SECURITIES CORPORATION, Amortizing Residential Collateral Trust, Mortgage Pass-Through Certificates, Series 2002-BC9; STRUCTURED ASSET SECURITIES CORPORATION; OCWEN LOAN SERVICING, LLC; FINANCE AMERICA, LLC; WESTERN PROGRESSIVE, LLC; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; and DOES 1 through 500, INCLUSIVE,<br><br>Defendants. | Case No.: 12-CV-02183-LHK<br><br>ORDER DENYING *EX PARTE* APPLICATION FOR A TEMPORARY RESTRAINING ORDER; ORDERING PLAINTIFF TO SERVE DEFENDANTS; AND ORDERING DEFENDANTS TO RESPOND TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION |

Before the Court is Plaintiff Esterlita Cortes Tapang's ("Plaintiff") second emergency *ex parte* application for a temporary restraining order ("TRO") and an order to show cause re: preliminary injunction to prevent the sale upon foreclosure of her home in Sunnyvale, California. *See* ECF No. 9. On May 1, 2012, Plaintiff, through her counsel, filed an *ex parte* TRO application

1

Case No.: 12-cv-02183-LHK
ORDER DENYING APPLICATION FOR TRO

on the eve of a trustee's sale scheduled to take place on May 2, 2012, at 11:00 a.m. Plaintiff's application sought to enjoin a trustee's sale on the property located at 1724 Noranda Drive, Sunnyvale, CA 94087 (the "Property"). *See* ECF No. 1. Because Plaintiff failed to file a complaint along with her first TRO application, in violation of Civil Local Rule 65-1(a)(1), the Court was unable to determine what causes of action Plaintiff was asserting nor whether she demonstrated a likelihood of success on the merits of those claims. Accordingly, the Court denied Plaintiff's application without prejudice. *See* ECF No. 5. Evidently, the trustee's sale on the Property did not take place on May 2, 2012. On May 22, 2012, Plaintiff, through her counsel, filed a second TRO, again on the eve of a trustee's sale, this time scheduled to take place on May 23, 2012, at 11:00 a.m.

## I. BACKGROUND

Plaintiff brings this action against Defendants Wells Fargo Bank, N.A., successor by merger to Wells Fargo Bank Minnesota, N.A., as Trustee f/k/a Norwest Bank Minnesota, N.A., as Trustee for the registered holders of Structured Asset Securities Corporation, Amortizing Residential Collateral Trust, Mortgage Pass-Through Certificates, Series 2002-BC9 ("WFB Trustee"); Structured Asset Securities Corporation, Amortizing Residential Collateral Trust, Mortgage Pass-Through Certificates, Series 2002-BC9 ("SASC Trust"); Structured Asset Securities Corporation ("SASC"); Finance America, LLC ("FAL"); Ocwen Loan Servicing, LLC ("Ocwen"); Mortgage Electronic Registration Systems, Inc. ("MERS"); and Western Progressive, LLC ("Western Progressive") (collectively "Defendants"), asserting fifteen causes of action. *See* Complaint, ECF No. 6 ("Compl."). Specifically, Plaintiff asserts, *inter alia*, a claim for wrongful foreclosure in violation of California Civil Code § 2932.5, as well as claims for violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962 ("RICO"); California Civil Code §§ 2934a(a)(4)(e) and 2924F(b)(1); the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605 ("RESPA"); the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"); the Rosenthal Act, California Civil Code § 1788(e) and (f); California Financial Code § 50505; California Civil Code § 2923.6, and a variety of common law claims. *Id.*

1    Plaintiff has owned the Property at 1724 Noranda Drive, Sunnyvale, California 94087 since
2    1994.  She refinanced the Property on September 11, 2002.  *Id.* ¶ 21.  A Deed of Trust was
3    recorded on September 18, 2002, identifying Plaintiff as "Borrower;" Finance America, LLC
4    ("FAL") as Lender; Karen H. Cornell, Esq. as "Trustee;" and MERS as "Beneficiary."  *Id.* ¶ 23 &
5    Ex. 1.  On March 29, 2011, a Notice of Default and Election to Sell Under Deed of Trust was
6    recorded on the Property by Western Progressive as agent for the beneficiary FAL.  *Id.* ¶ 25 & Ex.
7    3.  On May 20, 2011, an Assignment of Deed of Trust was recorded whereby MERS granted to
8    SASC Trust all its rights to the Property.  *Id.* ¶ 26 & Ex. 4.  On June 15, 2011, a second, nearly
9    identical Assignment of Deed of Trust was recorded on the Property.  *Id.* ¶ 27 & Ex. 5.  On July 6,
10   2011, a Substitution of Trustee was recorded on the Property, substituting Western Progressive as
11   trustee.  On July 6, 2011, a Notice of Trustee's Sale was recorded on the Property by Western
12   Progressive.  *Id.* ¶ 29 & Ex. 7.

## II.    LEGAL STANDARD

The standard for issuing a TRO is identical to the standard for issuing a preliminary injunction.  *Brown Jordan Int'l, Inc. v. Mind's Eye Interiors, Inc.*, 236 F. Supp. 2d 1152, 1154 (D. Haw. 2002); *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  The party seeking the injunction bears the burden of proving these elements.  *Klein v. City of San Clemente*, 584 F.3d 1196, 1201 (9th Cir. 2009).  The issuance of a preliminary injunction is at the discretion of the district court.  *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

## III.   DISCUSSION

### A. Plaintiff Is Not Entitled to a TRO Before Defendants Can Be Heard

Plaintiff, through her counsel, has applied for TROs on the eve of a morning trustee's sale of the Property twice.  *See* ECF Nos. 1 & 9.  Each time Plaintiff claims that she must receive relief before Defendants can be heard in opposition.  *Id.*  Because of Plaintiff's first TRO application, the

trustee's sale of the Property appears to have been postponed from May 2, 2012 to May 23, 2012. Plaintiff fails to explain why she waited until the eve of May 22, 2012 to seek to enjoin the May 23, 2012 trustee's sale. *See* ECF No. 9. Plaintiff has known for some time that the Property would be subject to a trustee's sale. A Notice of Default and Election to Sell Under Deed of Trust was recorded on the Property on March 29, 2011, nearly fourteen months ago. Compl. ¶ 25. On July 6, 2011, nearly eleven months ago, a Notice of Trustee's Sale was recorded on the Property. *Id.* ¶ 29 & Ex. 7. Plaintiff's pattern of waiting until the eve of two trustee's sales of the Property before filing her TRO applications suggests that she seeks to preclude any response from Defendants for tactical reasons. Contrary to Federal Rule of Civil Procedure 65(b)(1)(A), Plaintiff has failed to provide specific facts in her attorney's affidavit that clearly show that immediate injury will result before the adverse party can be heard in opposition. *See* Fed. R. Civ. P. 65(b)(1) (court may issue a temporary restraining order without notice to the opposing party "only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition"). Accordingly, Plaintiff has failed to show that a TRO must issue before Defendants can be heard in opposition.

Moreover, Plaintiff failed to give adequate notice of her TRO application to Defendants. Although Plaintiff's attorney submits a declaration stating that he gave notice to Defendants Western Progressive, Ocwen, and Wells Fargo Bank, as Trustee, by calling them on May 22, 2012, Plaintiff's method of providing "notice" was insufficient under the local rules. *See* Civil L.R. 65-1(b) (unless relieved by the Court for good cause shown, "on or before the day of an ex parte motion for a temporary restraining order, counsel applying for the temporary restraining order must deliver notice of such motion to opposing counsel or party"); *see also* Civil L.R. 5-5(a)(2) ("Service by mail may not be used if a Local Rule requires delivery of a pleading or paper."). Furthermore, Plaintiff has provided no indication that she provided notice, in any form, about her TRO application to the other Defendants in this action. Even more significantly, there is no evidence that Plaintiff has served the summons and complaint on any of the Defendants in this case.

4

Furthermore, as will be discussed below, Plaintiff has failed to demonstrate likelihood of success on the merits of her numerous, complex causes of action against Defendants, and the Court questions whether it even has subject matter jurisdiction over this case. Thus, the Court cannot grant a TRO without hearing from Defendants in opposition.

### B. Plaintiff Has Failed to Demonstrate Likelihood of Success on the Merits

The Court recognizes that loss of a home can constitute irreparable harm. *See, e.g.*, *Perry v. Nat'l Default Servicing Corp.*, No. 10-cv-03167-LHK, 2010 WL 3325623, at *6 (N.D. Cal. Aug. 20, 2010). However, Plaintiff has failed to carry her burden of showing a likelihood of success on the merits of her claims, and thus the Court cannot grant her request for a TRO. Plaintiff claims that Defendants are not entitled to enforce the security interest on the deed of her trust and that the foreclosure sale will be void as a matter of law. *See* Mot. at 12. Plaintiff argues that her claims are "hardly farfetched" because "every day we hear in the news how banks nationwide are engaging in foreclosure proceedings without establishing—*and without being able to establish when challenged*—its right to enforce any security interest on the subject property." *Id.* (emphasis in original). Plaintiff also points to a New York Supreme Court decision finding Christina Carter, the signatory on the May 20, 2011 Assignment of Deed of Trust, to be a "robosigner," and on that basis alleges fraud in the assignment. *Id.* at 7-9, 12. While Plaintiff raises questions about the chain of title to the Property, her allegations do not rise to the level of showing a likelihood of success on the merits of her claims. For example, although Plaintiff argues that the fraudulent assignment in violation of California Civil Code § 2932.5 renders Defendants' attempt to foreclose on the Property void as a matter of law, it is not apparent that § 2932.5 even applies to deeds of trust. *See, e.g.*, *Roque v. Suntrust Mortg., Inc.*, No. C-09-00040 RMW, 2010 WL 546896, at *7 (N.D. Cal. Feb. 9, 2010) ("Section 2932.5 applies to mortgages, not deeds of trust. It applies only to mortgages that give a power of sale to the creditor, not to deeds of trust which grant a power of sale to the trustee.").

Furthermore, Plaintiff makes no attempt to establish a likelihood of success on any of her federal causes of action, and thus this Court has serious doubts as to whether it even has subject matter jurisdiction over this case. For example, Plaintiff alleges violation of the FDCPA, 15

5

Case No.: 12-cv-02183-LHK
ORDER DENYING APPLICATION FOR TRO

U.S.C. § 1692 *et seq.*, which proscribes certain conduct in connection with the collection of a debt. *See* 15 U.S.C. §§ 1692e, 1692f, 1692g. However, courts within this Circuit have concluded that a non-judicial foreclosure does not constitute "debt collection" as defined by the statute. *See, e.g.*, *Tang v. Cal. Reconveyance Co.*, No. 10-cv-03333-LHK, 2010 WL 5387837, at *4 (N.D. Cal. Dec. 22, 2010) ("[T]o the extent their FDCPA claims are based on the initiation of a foreclosure proceeding, Plaintiffs fail to state a claim."); *Deissner v. Mortg. Elec. Registration Sys.*, 618 F. Supp. 2d 1184, 1189 (D. Ariz. 2009) ("[T]he activity of foreclosing on [a] property pursuant to a deed of trust is not collection of a debt within the meaning of the FDCPA.") (internal quotations omitted), *aff'd*, 384 F. App'x 609 (9th Cir. June 17, 2010); *Landayan v. Wash. Mut. Bank*, No. C 09-0916 RMW, 2009 WL 3047238, at *3 (N.D. Cal. Sept. 18, 2009) ("A claim cannot arise under FDCPA based upon the lender enforcing its security interest under the subject deed of a trust because foreclosing on a mortgage does not constitute an attempt to collect a debt for purposes of the FDCPA."). Thus, unless Plaintiff can show that Defendants' debt-collection activities exceeded the scope of the ordinary foreclosure process, Plaintiff cannot state a claim under the FDCPA, let alone show a likelihood of success on the merits of that claim.

Plaintiff also alleges violation of the federal RICO statute, which makes it illegal for "any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of [an] enterprise's affairs through a pattern of racketeering activity" or to conspire to do so. 18 U.S.C. §§ 1692(c), (d). To state a claim for a violation of this section, a plaintiff must plead: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to the plaintiff's business or property." *Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 361 (9th Cir. 2005). As with other claims of fraud, a RICO claim must be pled with particularity pursuant to Federal Rule of Civil Procedure 9(b). *See Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 541 (9th Cir. 1989). Accordingly, Plaintiff must "identify the time, place, and manner of each fraud plus the role of each defendant in each scheme." *Id.* (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.,* 806 F.2d 1393, 1401 (9th Cir. 1986)) (internal quotation marks omitted). Here, Plaintiff has made only general,

conclusory allegations of unlawful racketeering activities. Plaintiff has failed to plead with sufficient particularity under Rule 9(b), and has failed to demonstrate a likelihood of prevailing on the merits of her RICO claim.

Finally, although Plaintiff pleads that Defendants violated RESPA, 12 U.S.C. § 2605(e)(2), "by failing and refusing to provide a written explanation or response to Plaintiff's Qualified Written Request not later than 60 days after receipt of the request," Compl. ¶ 104, Plaintiff has not supported this bare allegation in any way and has failed to demonstrate a likelihood of prevailing on the merits of this claim.

In short, Plaintiff has not attempted to show a likelihood of success on the merits of any of her federal claims, giving this Court serious doubts as to whether Plaintiff has even adequately stated a federal cause of action that would support federal question jurisdiction under 28 U.S.C. § 1331. Plaintiff has not alleged diversity jurisdiction. *See* Compl. ¶ 1. Federal courts are courts of limited jurisdiction, and without a source of federal jurisdiction, the Court lacks any basis for exercising supplemental jurisdiction over Plaintiff's state law causes of action.

## IV.   CONCLUSION

Accordingly, Plaintiff's second *ex parte* application for a TRO is DENIED. However, in light of the questions raised, and in order to prevent yet a third *ex parte* TRO application that again deprives Defendants of an opportunity to respond, the Court hereby ORDERS Plaintiff to file a proof of service of the summons, complaint, TRO application, and this Order on all Defendants by Friday, May 25, 2012. The Court further ORDERS Defendants to file a response by June 7, 2012 to Plaintiff's TRO application, which will be treated as a motion for a preliminary injunction. Plaintiff may file a reply by no later than June 13, 2012. A hearing on Plaintiff's motion for a preliminary injunction will be held on Thursday, June 21, 2012, at 1:30 p.m.

**IT IS SO ORDERED.**

Dated: May 23, 2012

*Lucy H. Koh*
LUCY H. KOH
United States District Judge