UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

|  |  |
|---|---|
| ESTERLITA CORTES TAPANG,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A., et al.,<br><br>　　　　　Defendants. | Case No.: 12-CV-02183-LHK<br><br>ORDER DENYING EX PARTE MOTION FOR EXTENSION OF TIME TO FILE RESPONSE |

Defendants filed a Motion to Dismiss on June 22, 2012, which is noticed for hearing on August 30, 2012. ECF No. 18. In their notice of motion, Defendants erroneously stated that the opposition deadline was August 9, 2012, and that the reply deadline was August 16, 2012. In fact, under Civil Local Rule 7-3, Plaintiff's opposition to Defendants' Motion was due July 6, 2012, and Defendants' reply was due July 13, 2012. *See* Civ. L. R. 7-3(a), (c). The parties did not file a stipulation seeking Court approval to modify the briefing schedule in departure from the Civil Local Rules. As of today, August 10, 2012, Plaintiff has not filed an opposition, and Defendants have not filed a reply.

Instead, on August 9, 2012, Plaintiff filed an ex parte Motion for Extension of Time to File Response, seeking an extension until August 15, 2012. *See* ECF No. 20. The sole basis proffered for the request is that Plaintiff's counsel has been preoccupied caring for his terminally ill friend. *See id.* at 2-3; Decl. of Francisco J. Aldana ¶¶ 3-5. While the Court is sympathetic to Plaintiff's

1

counsel's situation, Plaintiff's motion does not justify her failure to timely file an opposition in accordance with the Civil Local Rules, or at the very least to file a request for extension of time in advance of her opposition deadline.  Even assuming Plaintiff believed in good faith, based on Defendants' notice of motion, that her opposition was not due until August 9, 2012, her Motion for Extension of Time does not explain why she waited until the day she believed her opposition was due to file a request for an extension.  Were the Court to grant Plaintiff's untimely request for an extension until August 15, 2012, Defendants' reply would be due at the earliest on August 22, 2012,[1] just one week before the scheduled hearing on Defendants' Motion.  Plaintiff's request would deprive the Court of the time needed to review the parties' briefing and would unfairly prejudice Defendants.

Plaintiff's behavior is unfortunately part of a pattern of delaying filings until the last possible moment and then seeking *ex parte* relief.  Plaintiff previously filed not one but two *ex parte* requests for Temporary Restraining Orders ("TRO"), each filed on the eve of a purported trustee's sale on her home.  *See* ECF No. 1; ECF No. 9.  The Court denied Plaintiff's second *ex parte* TRO in part because Plaintiff failed to explain why she waited until the eve of the trustee's sale to seek injunctive relief when she had notice of the scheduled sale far earlier.  *See* ECF No. 11.  On June 1, 2012, the Court issued an Order to Show Cause ("OSC") why this case should not be dismissed for failure to prosecute, prompted by Plaintiff's failure to comply with the Court's May 23 Order to serve the Summons and Complaint on all Defendants.  *See* ECF No. 12.

Plaintiff's opposition was due July 6, 2012, and is now five weeks late.  Plaintiff has not demonstrated good cause for an extension of time to file her response.  For all the reasons discussed herein, Plaintiff's motion for an extension of time to file a response is DENIED.  Any untimely filed opposition will be stricken.

**IT IS SO ORDERED.**

Dated: August 10, 2012

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

---

[1] If the Court were to grant Plaintiff an extension, the Court would be inclined to grant Defendants the same extension.

2
Case No.: 12-CV-02183-LHK
ORDER DENYING MOTION FOR EXTENSION OF TIME TO FILE RESPONSE