UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Esterlita Cortes Tapang,<br><br>     Plaintiffs,<br><br> v.<br><br>Wells Fargo Bank, N.A., successor by merger to Wells Fargo Bank Minnesota, N.A., as Trustee f/k/a Norwest Bank Minnesota, N.A., as Trustee for the registered holders of Structured Asset Securities Corporation, Amortizing Residential Collateral Trust, Mortgage Pass–Through Certificates, Series 2002–BC9; Structured Asset Securities Corporation, Amortizing Residential Collateral Trust, Mortgage Pass–Through Certificates, Series 2002–BC9; Structured Asset Securities Corporation; Finance America, LLC; Ocwen Loan Servicing, LLC; Mortgage Electronic Registration Systems, Inc.; and Western Progressive, LLC; DOES 1 through 500, inclusive,<br><br>     Defendants. | Case No.: CV-12-02183-LHK<br><br>ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND |

  Plaintiff Esterlita Cortes Tapang ("Plaintiff") brings this action against Defendants Wells Fargo Bank, N.A. ("Wells Fargo Bank"), successor by merger to Wells Fargo Bank Minnesota, N.A., as Trustee f/k/a Norwest Bank Minnesota, N.A., as Trustee for the registered holders of Structured Asset Securities Corporation ("SASC"), Amortizing Residential Collateral Trust, Mortgage Pass-Through Certificates, Series 2002-BC9 ("WFB Trustee"); Structured Asset

Securities Corporation, Amortizing Residential Collateral Trust, Mortgage Pass-Through Certificates, Series 2002-BC9 ("SASC Trust"); Structured Asset Securities Corporation ("SASC"); Finance America, LLC ("FAL"); Ocwen Loan Servicing, LLC ("Ocwen"); Mortgage Electronic Registration Systems, Inc. ("MERS"); and Western Progressive, LLC ("Western Progressive") (collectively, "Defendants"), asserting fifteen causes of action. Specifically, Plaintiff's Complaint asserts violations of: (1) the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962 ("RICO"); (2) the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605 ("RESPA"); and (3) the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"); as well as a variety of state law claims, all in connection with Defendants' non-judicial foreclosure of her home. *See* ECF No. 6 ("Compl."). Defendants move pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted. *See* ECF No. 18 ("Mot."). Plaintiff did not timely oppose.[1] For the reasons discussed below, the Court GRANTS Defendants' motion to dismiss with leave to amend.

### I.   BACKGROUND[2]

---

[1] Defendants' motion was filed June 22, 2012. On August 9, 2012, nearly five weeks after Plaintiff's opposition was due, Plaintiff filed an *ex parte* Motion for Extension of Time to File Response, seeking an extension until August 15, 2012. *See* ECF No. 20. The Court denied this motion on August 10, 2012, and ordered that any untimely filed opposition be stricken. *See* ECF No. 22 at 2. On August 15, 2012, Plaintiff filed an Amended Motion for Enlargement of Time, *see* ECF No. 24, which Defendants opposed, *see* ECF No. 28. Plaintiff's Amended Motion is an improper motion for reconsideration, for which leave of Court is required. *See* Civ. L. R. 7-9(a). Pursuant to Civil Local Rule 7-9, a motion for leave to file a motion for reconsideration shall be granted only if the moving party specifically shows: (1) a material difference in fact or law at the time of the motion for leave than what was presented to the Court before entry of the order for which reconsideration is sought, and the movant's previous ignorance of such fact or law despite reasonable diligence; (2) the emergence of new material facts or a change of law occurring after entry of the order; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments previously presented. Civ. L.R. 7-9(b). None of these conditions has been met here. Accordingly, Plaintiff's Amended Motion for Enlargement of Time is DENIED, and the Court will not consider the Opposition filed as an attachment thereto.

[2] Defendants' Request for Judicial Notice in Support of their Motion to Dismiss ("RJN") is granted in its entirety. *See* ECF No. 18-2. The documents attached to Defendants' RJN were all filed either with the County Recorder or with the Bankruptcy Court, and thus are proper subjects of judicial notice. *See* Fed. R. Evid. 201(b)(2); *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986); *Liebelt v. Quality Loan Serv. Corp.*, No. 09-CV-05867-LHK, 2011 WL 741056, at *6 n.2 (N.D. Cal. Feb. 24, 2011).

2
Case No.: CV-12-02183-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

Plaintiff has owned the real property located at 1724 Noranda Drive, Unit 1, Sunnyvale, California 94087 (the "Property"), since 1994. Compl. ¶ 21. On September 11, 2002, Plaintiff refinanced the Property. *Id.* On September 18, 2002, a Deed of Trust was recorded in the Santa Clara County Recorder's Office listing Plaintiff as the borrower, FAL as the lender, Karen H. Cornell, Esq., as the trustee, and MERS as the beneficiary. *Id.* ¶ 23 & Ex. 1. Western Progressive, as authorized agent for the beneficiary, recorded a Notice of Default and Election to Sell Under Deed of Trust on March 29, 2011. *Id.* ¶ 25 & Ex. 3. On May 20, 2011, an Assignment of Deed of Trust was recorded whereby MERS assigned all of its rights to the property to Wells Fargo Bank as trustee for the SASC Trust. *Id.* ¶ 26 & Ex. 4. A second Assignment of Deed of Trust was recorded on June 15, 2011. *Id.* ¶ 27 & Ex. 5. On July 6, 2011, a Substitution of Trustee was recorded on the property, substituting Western Progressive as Trustee. *Id.* ¶ 28 & Ex. 6. That same day, Western Progressive recorded a Notice of Trustee's Sale, setting a time and place for the sale and stating that Plaintiff had an unpaid balance of $521,345.86. *Id.* ¶ 29 & Ex. 7.

The trustee's sale was scheduled for May 2, 2012. *See id.* ¶ 20 & ECF No. 1 ("1st TRO"). On the night of May 1, 2012, Plaintiff filed an *ex parte* application for a temporary restraining order seeking to enjoin the sale. ECF No. 1. Because Plaintiff failed to file a complaint with her *ex parte* TRO application, in violation of Civil Local Rule 65-1(a)(1), the Court was unable to determine what causes of action Plaintiff was asserting nor whether she demonstrated a likelihood of success on the merits. Accordingly, the Court denied the *ex parte* TRO application. ECF No. 5. Plaintiff filed the Complaint with the Court on May 3, 2011. The trustee's sale did not take place on May 2 and was rescheduled for May 23, 2012. *See* ECF No. 9 ("2d TRO") at 2. Plaintiff filed another *ex parte* TRO application on May 22, 2012, again, the night before the Trustee's sale was to take place. *See id.* The Court denied Plaintiff's second *ex parte* TRO application on May 23, 2012, due to Plaintiff's failure to comply with the procedural requirements for seeking an *ex parte* TRO and her failure to show a likelihood of success on the merits. *See* ECF No. 11. The Court also ordered Plaintiff to serve all Defendants by May 25, 2012. *Id.* at 7. Plaintiff failed to do so, prompting the Court to issue an Order to Show Cause Why the Case Should Not Be Dismissed For Failure to Prosecute ("OSC"). ECF No. 12. Plaintiff filed a response to the OSC on June 8, 2012,

affirming that service on all Defendants was completed on May 29, 2012. This motion to dismiss followed.

## II.     LEGAL STANDARD

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In considering whether the complaint is sufficient to state a claim, the court must accept as true all of the factual allegations contained in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, the court need not accept as true "allegations that contradict matters properly subject to judicial notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). While a complaint need not allege detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. If a court grants a motion to dismiss, leave to amend should be freely granted unless the pleading could not possibly be cured by the allegation of other facts. *See* Fed. R. Civ. P. 15(a); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

## III.    DISCUSSION

Although the Complaint alleges fifteen causes of action, the Court will first address Plaintiff's three federal claims, as they provide the basis for federal subject matter jurisdiction.

### A. Racketeer Influenced and Corrupt Organizations Act ("RICO")

Plaintiff's sixth cause of action alleges that Defendants "conducted and participated, directly or indirectly, in the conduct of affairs of said enterprise through a pattern of racketeering activity in violation of 18 U.S.C. § 1982(c)." Compl. ¶ 94.

RICO, in an attempt to combat organized crime, makes it illegal for "any person employed or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of [an] enterprise's affairs through a pattern of racketeering activity." 18 U.S.C. § 1962(c); *see Dumas v. Major*

4

*League Baseball Prop., Inc.*, 104 F. Supp. 2d 1220, 1221 (S.D. Cal. 2000) ("RICO was intended to combat organized crime, not to provide a federal cause of action and treble damages to every tort plaintiff."). To state a civil claim for a RICO violation, a plaintiff must allege: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to the plaintiff's business or property." *Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 361 (9th Cir. 2005) (internal quotation marks and citations omitted). Furthermore, the Ninth Circuit applies Rule 9(b) pleading standards to RICO claims alleging a predicate of fraud, as it does with other claims sounding in fraud. *Schreiber Dist. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Accordingly, Plaintiff must plead with particularity the time, place, and manner of each act of fraud, as well as the role of each defendant in each scheme. *See* Fed. R. Civ. P. 9(b); *compare Sun Sav. & Loan Ass'n v. Dierdorff*, 825 F.2d 187, 196 (9th Cir. 1987) (complaint pleaded fraud with sufficient particularity by specifically alleging four instances of mail fraud, including "the dates on which the letters were written, by whom and to whom the letters were sent, the letters' content, and the letters' role in the fraudulent scheme") *with Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 541 (9th Cir. 1989) (complaint did not plead fraud for RICO claim with sufficient particularity where it failed to specify the time, place, and content of the alleged misrepresentation, nor the identities of the parties involved).

Here, Plaintiff fails to plead sufficient facts to state a civil claim under RICO. Only a finite number of acts constitute actionable "racketeering activity" as defined by 18 U.S.C. § 1961(1), and to allege an unlawful "pattern," Plaintiff must allege at least two acts of racketeering activity. *See* 18 U.S.C. §§ 1961(1), (5). Plaintiff alleges that the predicate acts for her civil RICO claim are mail fraud, prohibited by 18 U.S.C. § 1341; wire fraud, prohibited by § 1343; financial institution fraud, prohibited by § 1344; and securities and commodities fraud, prohibited by § 1348. Compl. ¶¶ 94-96. Plaintiff alleges that Defendants used the United States mail and telephone and internet communications in perpetration of felonious conduct, namely in a scheme to defraud borrowers such as Plaintiff by pursuing foreclosure without the authority to do so. *See* Compl. ¶¶ 94-96. However, Plaintiff's generalized allegations do not satisfy the heightened pleading requirements of

Rule 9(b). *See Banh v. Bank of America, N.A.*, No. C11-05744 HRL, 2012 WL 1670211, at *4 (N.D. Cal. May 14, 2012). Although Plaintiff generally alleges mail, wire, financial institution, and securities fraud as the predicate acts for her RICO claim, she fails to allege with particularity the time, place, and manner of even a single predicate act of fraud, let alone two. For example, to allege a violation of the mail fraud statute, a plaintiff must show that: (1) the defendants formed a scheme or artifice to defraud; (2) the defendants used the United States mails or caused a use of United States mails in furtherance of the scheme; and (3) the defendants did so with the specific intent to deceive or defraud. *Schreiber Distrib. Co.*, 806 F.2d at 1400. Plaintiff has pleaded none of these elements required for mail fraud to serve as the predicate act for her RICO claim. The same is true for her other alleged predicate acts.

As stated above, the circumstances alleging a cause of action involving fraud must be stated with specificity "because of the relative ease with which a plaintiff may mold a RICO pattern from allegations that, upon closer scrutiny, do not support it." *W. Assocs. Ltd. P'ship, ex rel. Ave. Assocs. Ltd. P'ship v. Mkt. Square Assocs.*, 235 F.3d 629, 637 (D.C. Cir. 2001) (discussing specifically mail fraud). Here, as in *Moore*, Plaintiff does not provide specific allegations of the communications that constitute mail, wire, financial institution, or securities fraud to satisfy the heightened pleading standard. *See* 885 F.2d at 541. Unlike in *Sun Savings*, Plaintiff does not provide the nature of the communications, describe the content of the false misrepresentations, specify which Defendants were involved in any of the instances, or indicate the time or place of the fraudulent communications. *See* 825 F.2d at 196. Accordingly, Plaintiff fails to state a civil RICO claim. Defendants' motion to dismiss the RICO claim is therefore GRANTED with leave to amend.

### B. Real Estate Settlement Procedures Act ("RESPA")

Plaintiff's seventh cause of action alleges that Defendants violated the Real Estate Settlement Procedures Act, specifically 12 U.S.C. § 2605(e)(2), "by failing and refusing to provide a written explanation or response to Plaintiff's Qualified Written Request ("QWR") not later than 60 days after receipt of the request." Compl. ¶ 104. RESPA provides that a loan servicer has a duty to act when it receives a qualified written request "for information relating to the servicing of

the loan." 12 U.S.C. § 2605(e)(1)(A).  To qualify as a QWR, the written request must "include[] a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower."  12 U.S.C. § 2605(e)(1)(B)(ii).  Thus, to state a claim for relief pursuant to § 2605(e)(2), a plaintiff must at the very least allege basic facts plausibly showing that the written correspondence was a qualified written request, and further showing how the defendant failed to comply with the statute.  *See Boatright v. Aurora Loan Servs.*, No. C-12-00009 EDL, 2012 WL 2792415, at *14-15 (N.D. Cal. July 9, 2012); *Serrano v. World Savings Bank, FSB*, No. 11-CV-00105-LHK, 2011 WL 1668631, at *3 (N.D. Cal.  May 3, 2011).

Here, Plaintiff does not describe the nature of the alleged qualified written request, when or to whom it was sent, or any other details surrounding the request, nor does she attach a copy of the QWR letter to her Complaint.  Rather, Plaintiff merely states that Defendants failed to respond to her qualified written request.   The Court need not credit such bare, conclusory assertions, which are insufficient to state a claim for relief under RESPA.  *See Iqbal*, 556 U.S. at 678 (a complaint will not suffice "if it tenders naked assertions devoid of further factual enhancement"); *In re Gilead Scis. Sec. Litig.,* 536 F.3d at 1055 ("Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.").  Accordingly, Defendant's motion to dismiss Plaintiff's RESPA claim is GRANTED with leave to amend.

### C. Fair Debt Collection Practices Act ("FDCPA")

Plaintiff's ninth cause of action alleges that Defendants' actions constitute a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692.  Plaintiff alleges that Defendants took unlawful actions in their efforts to recover debt from Plaintiff, including "threatening to take his [sic] home; falsely stating the amount of the debt; increasing the amount of a debt by including amounts that are not permitted by law or contract; and using unfair and unconscionable means in an attempt to collect a debt."  Compl. ¶ 112.

To establish a FDCPA claim, a plaintiff must show: (1) she is a consumer within the meaning of 15 U.S.C. §§ 1692a(3) and 1692c(3); (2) the debt arises out of a transaction entered into for personal purposes; (3) the defendant is a debt collector within the meaning of 15 U.S.C. §

7

1692a(6); and (4) the defendant violated one of the provisions of the FDCPA, 15 U.S.C. §§ 1692a-1692o. *See Ananiev v. Aurora Loan Servs., LLC*, No. C 12-2275 SI, 2012 WL 2838689, at *3 (N.D. Cal. July 10, 2012). Defendants argue that the claim fails because: (1) Defendants are not "debt collectors" within the meaning of the FDCPA; and (2) a "foreclosure pursuant to a deed of trust is not a 'collection activity' within the meaning of the FDCPA." Mot. at 13-14; *see* 15 U.S.C. § 1692a(6)(F)(iii).

The Court agrees with Defendants that Plaintiff's claim fails. First, although the Ninth Circuit has not yet addressed whether a foreclosure action constitutes "debt collection" under the FDCPA, district courts throughout the Ninth Circuit – including this Court – have concluded that it does not. *See Tang v. Cal. Reconveyance Co.*, No. 10-CV-03333-LHK, 2010 WL 5387837, at *4 (N.D. Cal. Dec. 22, 2010) (holding that foreclosing on a property pursuant to a deed of trust is not collection of a debt within the meaning of the FDCPA); *see also, e.g.*, *Ananiev*, 2012 WL 2838689, at *4 (collecting cases). Accordingly, Plaintiff does not sufficiently allege that the Defendants are "debt collectors" under the FDCPA, nor that their attempts to foreclose on the Property constitute "debt collection" activities under the statute. *See Lal v. Am. Home Serv., Inc.*, 680 F. Supp. 2d 1218, 1224 (E.D. Cal. 2010) (mortgage servicing companies and assignees of the mortgage debt are not considered "debt collectors" as defined by the FDCPA).

Second, to the extent Plaintiff's allegations encompass activities "beyond the scope of the ordinary foreclosure process," such that they would give rise to a claim under the FDCPA, Plaintiff's allegations again suffer from the same dearth of detail required to render her claims plausible and not merely possible. *Cf. Walters v. Fidelity Mortg. of Cal., Inc.*, 730 F. Supp. 2d 1185, 1202 (E.D. Cal. 2010) (holding that mortgage servicer that regularly billed plaintiff and collected payments on her mortgage debt was a "debt collector" under the Rosenthal Act and that the plaintiff stated a claim under the Rosenthal Act based on allegation that mortgage servicer engaged in a pattern of improper conduct that ultimately resulted in foreclosure). The full extent of Plaintiff's allegations consists of a single, vague, and conclusory sentence. Plaintiff does not identify which of the Defendants performed the alleged unlawful activity, nor does she specify which provisions of the FDCPA Defendants allegedly violated. These allegations are deficient

under Rule 8(a) pleading standards and fail to adequately inform Defendants of the basis of the claims against them. *See Iqbal*, 556 U.S. at 678; *In re Gilead Scis. Sec. Litig.,* 536 F.3d at 1055. Accordingly, Defendant's motion to dismiss the FDCPA claim is GRANTED with leave to amend.

### D.  State Law Claims

In addition to the three federal claims dismissed for the reasons set forth above, Plaintiff also asserts twelve causes of action against Defendants under California law for wrongful foreclosure; violation of California Civil Code §§ 2934a(a)(4)(e) and 2924F(b)(1); intentional fraud; fraudulent concealment; negligence; violation of California Financial Code § 50505; violation of California Civil Code § 2923.6; violation of California Business and Professions Code § 17200; security instrument breach of contract and breach of the implied covenant of good faith and fair dealing; promissory estoppel; accounting; and declaratory relief.

The Court has discretion to "decline to exercise supplemental jurisdiction over [state law claims] if: . . . (3) [it] has dismissed all claims over which it has original jurisdiction . . . ." 28 U.S.C. § 1367(c). Having dismissed all of Plaintiff's claims over which this Court has original jurisdiction, the Court exercises its discretion pursuant to 28 U.S.C. § 1367(c) to decline supplemental jurisdiction over Plaintiff's remaining claims, which all arise under state law.[3] *See id.*; *see also Jang v. 1st United Bank*, No. 2:11-CV-02427-JAM-GGH, 2012 WL 2959985, at *4 (E.D. Cal. July 19, 2012). The Court therefore dismisses the Complaint in its entirety, with leave to amend.

### IV.  CONCLUSION

For all the foregoing reasons, Defendants' motion to dismiss the Complaint is GRANTED with leave to amend. Should Plaintiff wish to file a First Amended Complaint, she must do so within 21 days of the date of this Order and must cure the pleading deficiencies identified herein. Plaintiff may not add new claims or parties without seeking the opposing parties' consent or leave of the Court pursuant to Federal Rule of Civil Procedure 15. Failure to cure the deficiencies

---

[3] Plaintiff does not assert that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. *See* Compl. ¶ 1.

identified herein or to timely serve an amended complaint will result in dismissal of this action with prejudice.

**IT IS SO ORDERED.**

Dated: August 30, 2012

*Lucy H. Koh*
LUCY H. KOH
United States District Judge