UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Esterlita Cortes Tapang,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>Wells Fargo Bank, N.A., successor by merger to Wells Fargo Bank Minnesota, N.A., as Trustee f/k/a Norwest Bank Minnesota, N.A., as Trustee for the registered holders of Structured Asset Securities Corporation, Amortizing Residential Collateral Trust, Mortgage Pass–Through Certificates, Series 2002–BC9; Structured Asset Securities Corporation, Amortizing Residential Collateral Trust, Mortgage Pass–Through Certificates, Series 2002–BC9; Structured Asset Securities Corporation; Finance America, LLC; Ocwen Loan Servicing, LLC; Mortgage Electronic Registration Systems, Inc.; and Western Progressive, LLC; DOES 1 through 500, inclusive,<br><br>　　　　Defendants. | Case No.: 12-CV-02183-LHK<br><br>ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE |

Plaintiff Esterlita Cortes Tapang ("Plaintiff") brings this action against Defendants Wells Fargo Bank, N.A. ("Wells Fargo Bank"), successor by merger to Wells Fargo Bank Minnesota, N.A., as Trustee f/k/a Norwest Bank Minnesota, N.A., as Trustee for the registered holders of Structured Asset Securities Corporation ("SASC"), Amortizing Residential Collateral Trust, Mortgage Pass-Through Certificates, Series 2002-BC9 ("WFB Trustee"); Structured Asset

1

Securities Corporation, Amortizing Residential Collateral Trust, Mortgage Pass-Through Certificates, Series 2002-BC9 ("SASC Trust"); Structured Asset Securities Corporation ("SASC"); Finance America, LLC ("FAL"); Ocwen Loan Servicing, LLC ("Ocwen"); Mortgage Electronic Registration Systems, Inc. ("MERS"); and Western Progressive, LLC ("Western Progressive") (collectively, "Defendants").

On the night of May 1, 2012, Plaintiff filed an *ex parte* application for a temporary restraining order seeking to enjoin the sale of the real property located at 1724 Noranda Drive, Unit 1, Sunnyvale, California 94087 (the "Property"), which was supposed to take place on May 2, 2012. ECF No. 1. Because Plaintiff failed to file a complaint with her *ex parte* TRO application, in violation of Civil Local Rule 65-1(a)(1), the Court was unable to determine either what causes of action Plaintiff was asserting or whether she demonstrated a likelihood of success on the merits. Accordingly, the Court denied the *ex parte* TRO application. ECF No. 5. Plaintiff then filed a Complaint with the Court on May 2, 2012. ECF No. 6.

The trustee's sale, which was supposed to take place on May 2, 2012, was then rescheduled for May 23, 2012. *See* ECF No. 9 ("2d TRO") at 2. Plaintiff filed another *ex parte* TRO application on May 22, 2012, again, the night before the Trustee's sale was to take place. *See id.* The Court denied Plaintiff's second *ex parte* TRO application on May 23, 2012, due to Plaintiff's failure to comply with the procedural requirements for seeking an *ex parte* TRO and her failure to show a likelihood of success on the merits. *See* ECF No. 11. The Court also ordered Plaintiff to serve all Defendants by May 25, 2012. *Id.* at 7. Plaintiff failed to do so, prompting the Court to issue an Order to Show Cause Why the Case Should Not Be Dismissed For Failure to Prosecute ("OSC"). ECF No. 12. Plaintiff filed a response to the OSC on June 8, 2012, affirming that service on all Defendants was completed on May 29, 2012. ECF No. 14.

On June 19, 2012, Defendants filed a Motion to Dismiss, ECF No. 16, which they then amended on June 22, 2012, ECF No. 18. On August 30, 2012, the Court granted Defendants' Motion to Dismiss with leave to amend.

Plaintiff filed a First Amended Complaint on September 17, 2012. ECF No. 32. On October 9, 2012, Defendants filed a Motion to Dismiss the First Amended Complaint. ECF No.

41. Pursuant to Civil Local Rule 7-3(a), Plaintiff's opposition to the Motion to Dismiss was due on November 2, 2012.  As of today, Plaintiff has not filed an opposition or statement of non-opposition to Defendants' Motion to Dismiss.

The Court hereby ORDERS Plaintiff to show cause why this case should not be dismissed for failure to prosecute.  This Order does not authorize Plaintiff to file an untimely opposition to Defendants' Motion to Dismiss.  Plaintiff has until **April 29, 2013**, to file a response to this Order to Show Cause.  A hearing on this Order to Show Cause is set for **Wednesday, May 8, 2013, at 2:00 p.m.**  Plaintiff's failure to respond to this Order and to appear at the May 8, 2013 hearing will result in dismissal with prejudice for failure to prosecute.  The Case Management Conference currently scheduled for April 25, 2013, is hereby CONTINUED to May 8, 2013, and the hearing on Defendants' Motion to Dismiss is VACATED.

**IT IS SO ORDERED.**

Dated: April 22, 2013

_____
LUCY H. KOH
United States District Judge