UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Esterlita Cortes Tapang,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>Wells Fargo Bank, N.A., successor by merger to Wells Fargo Bank Minnesota, N.A., as Trustee f/k/a Norwest Bank Minnesota, N.A., as Trustee for the registered holders of Structured Asset Securities Corporation, Amortizing Residential Collateral Trust, Mortgage Pass–Through Certificates, Series 2002–BC9; Structured Asset Securities Corporation, Amortizing Residential Collateral Trust, Mortgage Pass–Through Certificates, Series 2002–BC9; Structured Asset Securities Corporation; Finance America, LLC; Ocwen Loan Servicing, LLC; Mortgage Electronic Registration Systems, Inc.; and Western Progressive, LLC; DOES 1 through 500, inclusive,<br><br>　　　　　Defendants. | Case No.: 12-CV-02183-LHK<br><br>ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE |

　　　　Plaintiff Esterlita Cortes Tapang ("Plaintiff") brings this action against Defendants Wells Fargo Bank, N.A. ("Wells Fargo Bank"), successor by merger to Wells Fargo Bank Minnesota, N.A., as Trustee f/k/a Norwest Bank Minnesota, N.A., as Trustee for the registered holders of Structured Asset Securities Corporation ("SASC"), Amortizing Residential Collateral Trust, Mortgage Pass-Through Certificates, Series 2002-BC9 ("WFB Trustee"); Structured Asset

1
Case No.: 12-CV-02183-LHK
ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE

1  Securities Corporation, Amortizing Residential Collateral Trust, Mortgage Pass-Through
2  Certificates, Series 2002-BC9 ("SASC Trust"); Structured Asset Securities Corporation ("SASC");
3  Finance America, LLC ("FAL"); Ocwen Loan Servicing, LLC ("Ocwen"); Mortgage Electronic
4  Registration Systems, Inc. ("MERS"); and Western Progressive, LLC ("Western Progressive")
5  (collectively, "Defendants").

On the night of May 1, 2012, Plaintiff filed an *ex parte* application for a temporary restraining order seeking to enjoin the sale of the real property located at 1724 Noranda Drive, Unit 1, Sunnyvale, California 94087 (the "Property"), which was supposed to take place on May 2, 2012. ECF No. 1. Because Plaintiff failed to file a complaint with her *ex parte* TRO application, in violation of Civil Local Rule 65-1(a)(1), the Court was unable to determine either what causes of action Plaintiff was asserting or whether she demonstrated a likelihood of success on the merits. Accordingly, the Court denied the *ex parte* TRO application. ECF No. 5. Plaintiff then filed a Complaint with the Court on May 2, 2012. ECF No. 6.

The trustee's sale, which was supposed to take place on May 2, 2012, was then rescheduled for May 23, 2012. *See* ECF No. 9 ("2d TRO") at 2. Plaintiff filed another *ex parte* TRO application on May 22, 2012, again, the night before the Trustee's sale was to take place. *See id.* The Court denied Plaintiff's second *ex parte* TRO application on May 23, 2012, due to Plaintiff's failure to comply with the procedural requirements for seeking an *ex parte* TRO and her failure to show a likelihood of success on the merits. *See* ECF No. 11. The Court also ordered Plaintiff to serve all Defendants by May 25, 2012. *Id.* at 7. Plaintiff failed to do so, prompting the Court to issue an Order to Show Cause Why the Case Should Not Be Dismissed For Failure to Prosecute ("OSC"). ECF No. 12. Plaintiff filed a response to the OSC on June 8, 2012, affirming that service on all Defendants was completed on May 29, 2012. ECF No. 14.

On June 19, 2012, Defendants filed a Motion to Dismiss, ECF No. 16, which they then amended on June 22, 2012, ECF No. 18. On August 30, 2012, the Court granted Defendants' Motion to Dismiss with leave to amend.

Plaintiff filed a First Amended Complaint on September 17, 2012. ECF No. 32. On October 9, 2012, Defendants filed a Motion to Dismiss the First Amended Complaint. ECF No.

41. Pursuant to Civil Local Rule 7-3(a), Plaintiff's opposition to the Motion to Dismiss was due on October 23, 2012. However, Plaintiff has never filed an opposition. On April 22, 2013, the Court again issued an Order to Show Cause Why the Case Should Not Be Dismissed For Failure to Prosecute. ECF No. 46. On April 29, 2013, more than six months after Plaintiff's opposition to the Motion to Dismiss was due, Plaintiff's counsel filed a declaration apologizing to the Court for the oversight and stating that Plaintiff intended to file a Notice of Non-Opposition. ECF No. 47.

In light of Plaintiff's stated intention of filing a Notice of Non-Opposition, and Plaintiff's prolonged delay in filing a response to Defendants' Motion to Dismiss, the Court GRANTS Defendants' Motion to Dismiss without prejudice. The Case Management Conference and Order to Show Cause hearing set for May 8, 2013, are hereby VACATED. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: May 7, 2013

_____
LUCY H. KOH
United States District Judge